IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:99CR273 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| FELIPE ESCAJEDA-QUINTANA, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is filing no. 38, the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 motion").

The defendant challenges the judgment and the sentence he received in the above-entitled case, citing the principles expressed in the line of cases beginning with Apprendi v. New Jersey, 530 U.S. 466 (2000), followed by Blakely v. Washington, 124 S. Ct. 2531 (2004), and concluding most recently with United States v. Booker, 125 S. Ct. 738 (2005).

The United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), requires that any fact, other than a previous conviction, which increases the penalty for a crime beyond the lowest statutory maximum must be alleged in the indictment or other charging document, submitted to a jury, and proved beyond a reasonable doubt. In Blakely v. Washington, 124 S. Ct. 2531 (2004), the Supreme Court extended Apprendi to strike down part of Washington State's sentencing scheme in which a judge could impose an enhanced sentence on the basis of judicially determined facts.   In United States v. Booker, 125 S. Ct. 738 (2005), the Court extended Blakely to the federal

1

sentencing scheme which made the federal sentencing guidelines mandatory, and the Court prohibited upward guidelines adjustments based on *judicial* fact-finding.

In the above-entitled case, the defendant's sentence is final; all direct appeals have either been exhausted or the time for appeal has expired, and any challenge to the judgment or sentence at this point constitutes a collateral attack.   Every Circuit Court of Appeals to consider the issue has concluded that <u>Blakely</u> and <u>Booker</u> do not apply retroactively on collateral review, i.e., in § 2255 motions.  See, e.g., <u>In re Olopade</u>, 2005 WL 820550, *4 (3d Cir. April 11, 2005); <u>Varela v. United States</u>, 400 F.3d 864, 866-68 (11th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844, 845 (10th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir. 2005); <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005).   See also <u>Cirilo-Munoz v. United States</u>,  2005 WL 858324, *6 (1st Cir. Apr. 15, 2005):

> Realistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987. This would comprise tens of thousands of sentences imposed under a regime whose lawfulness was assumed during most of this period. If such a vast reopening of final judgments is required, it must await a decision of the Supreme Court.  Certainly <u>Booker</u> itself does not give any clear hint that retroactive effect is intended.

The Eighth Circuit Court of Appeals has recently expressed the same conclusion. See <u>Never Misses A Shot v. United States</u>, No. 05-1233, ___ F.3d ___, 2005 WL 1569403 (8th Cir. July 7, 2005):

> [A]s all circuit courts considering the issue to date have held, we conclude the "new rule" announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does

not benefit movants in collateral proceedings.  See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005) (holding Booker does not apply retroactively on collateral review); Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005) (same); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam) (same); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005) (same); Humphress v. United States, 398 F.3d 855, 857 (6th Cir.2005) (same); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.) (same), cert. denied, 2005 WL 1105026 (U.S. June 6, 2005) (No. 04-9994); see also Summerlin, 124 S.Ct. at 2525 (finding it implausible that judicial factfinding so seriously diminishes accuracy as to produce impermissibly large risk of injustice).

2005 WL 1569403 at *2.[1]  Consequently, the defendant's collateral attack on his sentence and conviction based on the principles expressed in Booker, Blakely and/or Apprendi must be denied.   The defendant's § 2255 motion (filing no.38) is dismissed, and judgment will be entered accordingly.

DATED this 12th day of August, 2005.

BY THE COURT:


s/ Joseph F. Bataillon_____
JOSEPH F. BATAILLON
Chief District Judge

---

[1]Similarly, the Eighth Circuit previously ruled repeatedly that Apprendi does not afford relief retroactively to proceedings on collateral review.   See, e.g., United States v. Ayala, 313 F.3d 1068, 1069-70 (8th Cir. 2002), cert. denied, 124 S. Ct. 140 (2003); White v. United States, 308 F.3d 927, 930 (8th Cir. 2002);  Jarrett v. United States, 266 F.3d 789, 791 (8th Cir. 2001), cert. denied, 535 U.S. 1007 (2002); Dukes v. United States, 255 F.3d 912, 913-14 (8th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002).